IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KARL VAN SCOTT,　　　　　　　　　)
　　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　　C.A. No. 09-134 Erie
　　　　　　　　　　　　　　　　　　)
JOSH CHERISH, et al.,　　　　　　 )
　　　　　Defendants.　　　　　　　)


**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.　　RECOMMENDATION**

It is respectfully recommended that Defendants' motion for summary judgment [ECF No. 33] be granted in part and denied in part.


**II.　　REPORT**

　　**A.　　Relevant Procedural History**

Plaintiff Karl Van Scott, a prisoner presently incarcerated at the Venango County Prison in Franklin, Pennsylvania ("VCP"), brings this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against Major B. Smith, Warden at VCP ("Smith"), and the following nine (9) corrections officers at VCP: Josh Cherish ("Cherish"), Shelly Taylor ("Taylor"), Roxann Campbell ("Campbell"), Dianne Ostrowsky ("Ostrowsky"), James Buchanon ("Buchanon"), Kelly McKenzie ("McKenzie"), Michael Sabousky ("Sabousky"), Jeff Ruditis ("Ruditis"), and Foster Lyles ("Lyles").

In his *pro se* complaint, Plaintiff alleges that Defendants violated his Fourteenth Amendment right to medical privacy, and were deliberately indifferent to his health and safety in violation of his Eighth Amendment rights, by informing other inmates that he has AIDS. [ECF No. 4]. Plaintiff seeks declaratory relief, unspecified injunctive relief, and compensatory

1

and punitive damages.

Defendants have filed a motion for summary judgment arguing that: (I) Defendants Campbell, Ostrowsky, Buchanon, McKenzie, Sabousky, Ruditis, Lyles, and Smith should be dismissed from this action because Plaintiff has failed to allege that they were personally involved in the alleged wrongful conduct; (ii) Plaintiff has failed to allege that he suffered a physical injury as a result of the alleged constitutional violations; (iii) Plaintiff cannot recover punitive damages against Defendants in their official capacities; (iv) Plaintiff's claims for declaratory and injunctive relief are moot; (v) Plaintiff has failed to state a cognizable constitutional claim; and (vi) Defendants are entitled to qualified immunity. [ECF No. 33]. Plaintiff has filed a response to Defendants' motion essentially arguing that there are genuine issues of material fact that bar the entry of summary judgment. [ECF No. 40]. This matter is now ripe for consideration.

### B. Relevant Factual History

In August 2008, Plaintiff turned himself in to his probation officer for failure to report and failure to pay his restitution. (ECF No. 4, Complaint, at p. 3). He was thereafter sentenced to serve the remainder of his probation sentence at VCP. (Id.). Upon entering VCP, Plaintiff was given a health screening, during which it was discovered that he was HIV-positive. (Id. At p. 2). On October 5, 2008, Plaintiff was punched in the eye by another inmate on VCP's F-block. (Id. at pp. 3-4). The punch allegedly caused Plaintiff to suffer a fractured eye socket, for which he received "serious medical attention" at UPMC Presbyterian Hospital in Pittsburgh, Pennsylvania. (Id.).

On May 19, 2009, several inmates in VCP's F-Block informed Plaintiff that Defendants Cherish and Taylor had been telling inmates that he has AIDS. (ECF No. 4, Complaint, at ¶ 8). Approximately four or five days later, Plaintiff alleges that Defendant Cherish entered his block and told inmates that they "better be careful around" Plaintiff because he has AIDS. (Id.). A few

days after that, Plaintiff overhead a white inmate say that he would kill Plaintiff if Plaintiff "coughed, sneezed, or bumped up against him or in his direction." (Id.). As a result, Plaintiff claims that he feared for his life. Soon thereafter, Plaintiff was released from VCP.[1] After his release, Plaintiff alleges that inmates asked Defendant Taylor if he was HIV-positive and she allegedly answered "yeah and that ain't all that he has." (Id. at p. 4).

### C. Discussion
#### 1. Defendants' Personal Involvement

Defendants first argue that the following Defendants should be dismissed from this action because Plaintiff has failed to allege facts indicating that any of them were personally involved in the alleged violation of Plaintiff's civil rights: Ostrowsky, Buchanon, McKenzie, Sabousky, Ruditis, Lyles, Smith, and Campbell.

When a supervisory official is sued in a civil rights action, liability can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 11958, 1207 (3d Cir. 1988). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell v. Department of Social Services, 436 U.S. 658 (1978) (superiors of line officers who act in violation of constitutional rights may not be held

---

[1] Although the record does not discern the date of Plaintiff's release from VCP, the Court notes that when Plaintiff signed his complaint on June 7, 2009, he indicated his address was "11-G Midway Drive, West Mifflin, Pa. 15122." Thus, it is apparent that Plaintiff was released from VCP on or before June 7, 2009.

liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action); Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-1295 (3d Cir. 1997) (to hold police chief liable under § 1983 for violating female subordinate officer's rights, she was required to prove that he personally participated in violating her rights, that he directed others to violate her rights, or that he had knowledge of and acquiesced in his subordinates' violations).

Here, Plaintiff alleges that Defendants Cherish and Taylor were responsible for disclosing his HIV-positive status to other inmates. No other Defendant is implicated by name in the body of the complaint.[2] Nonetheless, Plaintiff does allege that "the guards who are [Defendant] Taylor's supervisors knew that [she] was going around the prison spreading [Plaintiff's] confidential health information around, but chose to not get involved, nor did they tell her to stop doing that." (ECF No. 4, Complaint, at pp. 4-5). Construed broadly, this allegation charges Defendant Taylor's supervisors with having knowledge of, and acquiescing in, her alleged disclosure of Plaintiff's medical condition to other inmates. In the absence of any countervailing evidence of record, this allegation is sufficient to, at least, raise a genuine issue of material fact as to whether Defendant Taylor's supervisors may be found to have been personally involved in the alleged constitutional violations.

Unfortunately, Plaintiff does not specify which of the other named Defendants were Defendant Taylor's supervisors, and there is no evidence of record from which the Court is able to glean this information. Thus, Defendants' motion to dismiss Defendants Ostrowsky, Buchanon, McKenzie, Sabousky, Ruditis, Lyles, Smith, and Campbell from this action should be denied, and Plaintiff should be ordered to file an amended complaint for the sole purpose of

---

[2] Plaintiff does mention Defendant Buchanon by name on pages 5-6 of the Complaint; however, Plaintiff merely recounts that Buchanon told him that "they could put [him] in the C-block (the hole) for [his] own safety," but Plaintiff declined. This fails to implicate any constitutional violation.

identifying the supervisors to whom Plaintiff refers in the foregoing allegation of his complaint, and the basis on which each such Defendant is alleged to have been personally involved in the alleged misconduct.

## 2. PLRA's Physical Injury Requirement

Section 1997e(e) of the Prison Litigation Reform Act of 1995 ("PLRA"), provides that "[n]o Federal civil action may be brought by a prisoner ... for mental or emotional injury ... without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Based on this section, Defendants contend that Plaintiff's complaint must be dismissed because he has failed to allege that he suffered a physical injury as a result of Defendants' alleged conduct. However, the Third Circuit has held that "[s]ection 1997e(e)'s requirement that a prisoner must demonstrate physical injury before he can recover for mental or emotional injury applies only to claims for compensatory damages." Mitchell v. Horn, 318 F.3d 523, 533 (3d Cir. 2003). Thus, even in the absence of physical injury, section 1997e(e) still permits claims for nominal and punitive damages, as well as claims for declaratory and injunctive relief, arising from constitutional violations. Id. (holding further that section 1997e(e) does not bar a prisoner from seeking nominal or punitive damages for violations of his constitutional rights, nor does it apply to claims seeking injunctive or declaratory relief); Allah v. Al-Hafeez, 226 F.3d 247, 251-52 (3d Cir. 2000)(holding that § 1997e(e) does not bar nominal and punitive damages for violations of constitutional rights even in the absence of physical injury).

Here, Plaintiff has merely alleged that Defendants' alleged actions caused him to fear for his life. (ECF No. 4, Complaint, at p. 3). This allegation of emotional injury is unaccompanied by further allegations of physical injury.[3] As a result, Plaintiff's claim for compensatory

---

[3] The only physical injury recounted in the complaint is the fractured eye socket Plaintiff suffered as a result of the altercation he had with another inmate on October 5, 2008; however, Plaintiff does not allege that this injury was

damages arising from Defendants' alleged misconduct should be dismissed in accordance with section 1997e(e) of the PLRA, while his claims for punitive damages and declaratory and injunctive relief will be scrutinized further.

### 3.     **Punitive Damages**

Plaintiff seeks to recover punitive damages against Defendants, who have been sued in both their individual and official capacities. Defendants contend that Plaintiff's punitive damages claim against them in their official capacities should be dismissed because such damages are not recoverable under 42 U.S.C. § 1983. The Court agrees. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981)(holding that punitive damages are unavailable under section 1983 against a municipality or against municipal employees in their official capacities). Thus, to the extent Plaintiff purports to request punitive damages against Defendants in their official capacities, such request for relief should be dismissed.

### 4.     **Declaratory and Injunctive Relief**

Plaintiff also seeks declaratory relief and unspecified injunctive relief against Defendants. (ECF No. 4, Complaint, at p. 7, ¶¶ 14, 15). Such requests for relief should be dismissed as moot because Plaintiff is no longer incarcerated at VCP. See Doe v Delie, 257 F.3d 309, 314 (3d Cir. 2001)(holding that plaintiff's claims for declaratory and injunctive relief were mooted by his release from incarceration because there was "no reasonable likelihood that [he would] be subjected to the same action"); Carney v Snyder, 2006 WL 2372007 at * 5 (W.D.Pa. 2006)(plaintiff's request for declaratory relief stricken as moot because plaintiff was no longer in the defendants' custody).

---

caused by Defendants' alleged disclosure of his HIV-positive status, which he did not learn about until May 19, 2009, over seven months later.

### 5. Fourteenth Amendment Claim

Defendants argue that Plaintiff has produced no evidence to support either a procedural or substantive due process claim. It is clear, however, that Defendants have misinterpreted Plaintiff's claim.

The Third Circuit has recognized that "prisoner inmates retain a Fourteenth Amendment substantive due process right to privacy in their medical information." Doe v Delie, 257 F.3d 309, 323 (3d Cir. 2001). In particular, the Delie Court noted the following:

> It is beyond question that information about one's HIV-positive status is information of the most personal kind and that an individual has an interest in protecting against the dissemination of such information. Moreover, a prisoner's right to privacy in this medical information is not fundamentally inconsistent with incarceration. Therefore we join the Second Circuit in recognizing that the constitutional right to privacy in one's medical information exists in prison.

Delie, 257 F.3d at 317 (citations omitted).

Here, Plaintiff has asserted that Defendants disclosed and/or allowed the disclosure of Plaintiff's HIV-positive status to other inmates at VCP. This clearly implicates Plaintiff's Fourteenth Amendment right to privacy in his medical information. Accordingly, Defendants' motion for summary judgment regarding such claim should be denied.

### 6. Eighth Amendment Claim

The Eighth Amendment's prohibition against the infliction of cruel and unusual punishment has been interpreted to impose upon prison officials a duty to take reasonable measures "'to protect prisoners from violence at the hands of other prisoners.'" Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997), quoting Farmer v. Brennan, 511 U.S. 825, 833 (1994). To succeed on an Eighth Amendment claim alleging a failure to protect, a plaintiff must show that: (1) he was incarcerated under conditions posing a substantial risk of serious harm; (2) the defendant was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists;" (3) the defendant actually drew that inference; and (4) the defendant

deliberately disregarded the apparent risk. Farmer, 511 U.S. at 834-37.

In determining whether a defendant was deliberately indifferent, the court must "focus [on] what a defendant's mental attitude actually was (or is), rather than what it should have been (or should be)." Hamilton, 117 F.3d at 747. "A prison official's knowledge of a substantial risk is a question of fact and can, of course, be proved by circumstantial evidence." Id. "In other words, it may be concluded that a prison official knew of a substantial risk from the very fact that the risk was obvious." Jones v. Day, 2007 WL 30195 at *4 (W.D.Pa. Jan. 4, 2007). For instance:

> [I]f an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was 'longstanding, pervasive, well-documented, or expressly noted by prison officials in the past,' and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus 'must have known' about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.

Farmer, 511 U.S. at 842-43 (citations omitted).

"Thus, in order to survive defendant's summary judgment motion, a plaintiff is obligated to produce sufficient evidence to support the inference that defendants 'knowingly and unreasonably disregarded an objectively intolerable risk of harm.'" Jones at * 4, quoting Beers-Capitol v. Whetzel, 256 F.3d 120, 132 (3d Cir. 2001). "It is not enough to assert that a defendant should have recognized the risk; the evidence must be sufficient to support the inference that 'the defendant must have recognized the excessive risk and ignored it.'" Jones at *4, quoting Beers-Capitol, 256 F.3d at 138. Nonetheless, "Farmer made clear that a prison official defendant cannot escape liability by showing that he did not know that *this* particular inmate was in danger of attack: 'it does not matter ... whether a prisoner faces an excessive risk of attack for reasons personal to him or because all prisoners in his situation face such a risk.'"

8

Beers-Capitol, 256 F.3d at 131, quoting Farmer, 511 U.S. at 843.

Here, Plaintiff contends that Defendants created an unsafe living condition for him by purposely informing other inmates on his cell block that he has AIDS. As a result of Defendants' disclosure of Plaintiff's HIV-positive status, Plaintiff alleges that he was subjected to an "atmosphere of hostility and negativity," including a "white inmate's" threat that he would kill Plaintiff if Plaintiff "coughed, sneezed or bumped up against him." (ECF No. 4, Complaint, at p. 3). This allegedly caused him to fear for his life; however, no physical injury is alleged to have occurred as a result of Defendants' alleged statements. (Id.).

Defendants argue that Plaintiff's allegations are insufficient to establish an Eighth Amendment violation. The Court agrees. Similar allegations in other cases have been found insufficient to state an Eighth Amendment failure to protect claim. For instance, in Albert v. Karnes, 2008 WL 755804 (M.D.Pa. 2008), the plaintiff inmate alleged that a corrections officer made false statements about him to other inmates, which caused the plaintiff to be labeled a "snitch." As a result, the plaintiff alleged that his life was threatened by other inmates. Like Plaintiff in this case, the plaintiff in Albert did not allege any physical injury, but claimed damages for fear and emotional injuries stemming from the threats that resulted from the corrections officer's statements. Upon consideration of the plaintiff's claim, the Middle District Court found as follows:

> Viewing the complaint in the light most favorable to the plaintiff, Albert has failed to state a claim that any defendant was deliberately indifferent to the risk of harm other inmates posed to him as a result of [the correction officer's] alleged statements. His complaint simply states that his life has been threatened; he does not allege that any named defendant was aware of any substantial risk of serious harm to Albert because of the alleged statements, nor does he allege that defendants disregarded

9

> that risk. As such, Albert has failed to state a claim for relief on this
> issue.

Albert at *6. See also Brown v. Ellis, 175 F.3d 1019 (7th Cir, 1999)(holding that failure to protect from actual physical injury, not failure to protect from the fear of injury, is what violates the Eighth Amendment); Babcock v. White, 102 F.3d 267, 272 (7th Cir. 1996)("[h]owever legitimate [plaintiff's] fears may have been, ... it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment").

Based on the foregoing, the Court finds that Plaintiff has failed to set forth a viable Eighth Amendment failure to protect claim resulting from Defendants' alleged disclosure of his HIV-positive status to other inmates. Accordingly, summary judgment should be entered in favor of Defendants on such claim

### 7. Qualified Immunity

Finally, Defendants contend that they are entitled to qualified immunity because their conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).[4] This contention is without merit.

As discussed earlier, the Third Circuit in Doe v Delie, 257 F.3d 309 (3d Cir, 2001), explicitly recognized that a prisoner has a constitutional right to privacy in his medical information. Id. at 316. In fact, the Doe court specifically found that the non-consensual disclosure of a prisoner's HIV status violates the Constitution, unless such disclosure occurs

---

[4] Since this Court has recommended that summary judgment be entered in favor of Defendants on Plaintiff's Eighth Amendment claim, Defendants' qualified immunity argument is considered only with regard to Plaintiff's Fourteenth Amendment right to medical privacy claim.

pursuant to a policy or regulation that is shown to be "'reasonably related to legitimate penological interests.'" Id. at 317, quoting Turner v. Safley, 482 U.S. 78, 89 (1987).

Thus, at the time of Defendants' alleged actions, a prisoner's constitutional right to medical privacy was clearly established such that a reasonable prison official would know that the indiscriminate dissemination of private medical information is unconstitutional. Accordingly, Defendants should be denied qualified immunity.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendants' motion for summary judgment [ECF No. 33] be granted in part and denied in part, as follows:

1. Defendants' motion to have Defendants Ostrowsky, Buchanon, McKenzie, Sabousky, Ruditis, Lyles, Smith, and Campbell, dismissed from this action, due to their lack of personal involvement in the alleged wrongful conduct, should be denied;

2. Plaintiff's claim for compensatory damages should be dismissed pursuant to 42 U.S.C. 1997e(e);

3. Plaintiff's claim for punitive damages against Defendants in their official capacities should be dismissed;

4. Plaintiff's claims for declaratory and injunctive relief should be dismissed as moot.

5. Defendants' motion for summary judgment as to Plaintiff's Fourteenth Amendment claim should be denied.

6. Defendants' motion for summary judgment as to Plaintiff's Eighth Amendment failure to protect claim should be granted.

7. Defendants should be denied qualified immunity with regard to Plaintiff's Fourteenth Amendment right to medical privacy claim.

It is further recommended that Plaintiff should be ordered to file an amended complaint for the sole purpose of identifying Defendant Taylor's supervisors who are alleged to have had knowledge of her alleged disclosure of Plaintiff's medical condition to other inmates, and the

11

basis on which each such Defendant is alleged to have been personally involved in the alleged misconduct.

In accordance with the Federal Magistrates Act, 28 U.S.C. § 636(b)(1), and Fed.R.Civ.P. 72(b)(2), the parties are allowed fourteen (14) days from the date of service to file written objections to this report and recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of some appellate rights. See <u>Nara v. Frank</u>, 488 F.3d 187 (3d Cir. 2007).

<u>/s/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: July <u>14</u>, 2011
cc: The Honorable Sean J. McLaughlin
United States District Judge